| ¡ON REHEARING GRANTED
Considering the application for rehearing of The Times Picayune Publishing Cor *386 poration, this Court grants rehearing for the limited purpose' of clarifying its original opinion in this matter.
The exception provided for the parish of Orleans in LSA-R.S. 43:141 A refers to such of the following as may be relevant to the parish' of Orleans: “The police juries, city and parish councils, municipal corporations, and school boards...” The LSA-R.S. 43:141 A exception as to the parish of Orleans applies only to Part I of Chapter 4 of Title 43. Nothing in the original opinion of this Court should be construed as suggesting that the LSA-R.S. 43:141 A exception for the parish of Orleans applies to Part II of Chapter 4 of Title 43. Specifically, nothing in the original opinion of this Court should be construed as a suggestion that the LSA-R.S. 43:141 A exception for the parish of Orleans applies to LSA-R.S. 43:171 regarding the “Official Journal of Other Political Subdivisions.” The “other political subdivision” referred to in LSA-R.S. 43:171 are those state and parish political subdivisions not specifically enumerated in LSA-R.S. 43:141 A.
Although this Court hereby denied the motion of the Times-Picayune to supplement the record, this Court wishes to clarify that its original opinion was not intended to preclude the Times-Picayune from attempting to prove as a matter of |2fact in the lower court that the City has illegally attempted to combine the official journal publication bid with the display notice bid.
As clarified, the original opinion of this Court is affirmed in all respects and the motion of the' Times-Picayune to supplement the record is denied.
ORIGINAL OPINION AFFIRMED AS CLARIFIED; MOTION TO SUPPLEMENT RECORD DENIED.